UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**FRANCISCO VEGA GENCHI,**
**a/k/a CARLOS VEGA GENCHI,**
 an individual,                                              Case No.
           Plaintiff,                                         HON.
v.

**GRAND RIVER GRAIN, LLC,**
a domestic limited liability company, and
**KEITH E. HANENBURG,**
an individual, jointly and severally,
           Defendants.

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Agustin Henriquez (P79589)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorney, Avanti Law Group, PLLC, and in his Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 408.411 *et seq.*

2. During the period of the parties' employment relationship, Defendants violated the FLSA by failing to compensate Plaintiff one and one-half times his regular hourly rate for all

      hours worked in excess of forty (40) hours per workweek. The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime wage rate.

3. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs..

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5. Defendant Grand River Grain, LLC's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

6. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

7. Defendant Grand River, Grain LLC's annual sales exceed $500,000.

8. Defendant employs more than two persons.

9. Defendant corporation Grand River Grain, LLC is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Coopersville, Michigan, within the United States Judicial District of the Western District of Michigan.

10. Defendant corporation Grand River Grain, LLC at all times relevant had authorization to conduct business in the State of Michigan.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

12. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

13. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

## PARTIES

14. Plaintiff Francisco Vega Genchi ("Genchi") is an individual who at all times relevant to this complaint resided in the County of Ottawa, state of Michigan.

15. Plaintiff worked for Defendants from approximately December 2000 to October 25, 2017.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit 1*.

17. Defendant Grand River Grain, LLC ("GRG") is a limited liability company whose registered office is located at 15585 68th Ave, Coopersville, Michigan, 49404.

18. Defendant Keith E. Hanenburg ("Hanenburg") is an individual who at all times relevant was the owner and Resident Agent of Defendant GRG.

19. Defendant Hanenburg at all times relevant was the direct supervisor of Plaintiff.

20. Defendant Hanenburg at all times relevant set Plaintiff's schedule and directed Plaintiff's activities at work.

21. In addition to Defendant GRG, Defendant Hanenburg owns several residential rental properties.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff worked for Defendants from approximately December 2000 to October 25, 2017.

24. Plaintiff worked as a general laborer during his entire employment with Defendants.

25. Plaintiff was tasked with the maintenance of Defendant GRG's property.

26. Additionally, Plaintiff's duties and responsibilities also included maintenance and landscaping at Defendant Hanenburg's other business properties such as River Ridge Farm, Inc and his residential rental properties.

27. All of Plaintiff's tasks and duties were completed while on the clock for Defendant GRG.

28. In any given workweek, Plaintiff rotated frequently between working at Defendant GRG and Defendant Hanenburg's residential rental properties.

29. From 2000 to 2014, Plaintiff was compensated at a rate of $9.00 per hour.

30. From 2014 to the conclusion of his employment, Plaintiff was compensated at a rate of $12.00 per hour.

31. For the duration of his employment with Defendants, Plaintiff was paid via check on a bi-weekly basis.

32. For the duration of his employment, Plaintiff typically worked from approximately 7:00 AM to approximately 5:00 PM, 6:00 PM, or 7:00 PM, depending on the need for that particular day.

33. Every year from January through September, Plaintiff typically worked Monday through Saturday each workweek.

34. Every year, from January through September, Plaintiff typically worked two Sundays per month.

35. Every year, from October through December, Plaintiff typically worked Monday through Sunday.

36. Plaintiff worked, on average, fifty (50) to sixty (60) hours per week.

37. Throughout the entire duration of his employment, Plaintiff was not compensated at the mandated overtime rate for all hours worked in excess of forty (40) in a workweek.

## **WILLFUL VIOLATIONS OF THE FLSA**

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

39. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure used to compensate Plaintiff was and is impermissible under the FLSA.

40. Defendant Hanenburg stated to Plaintiff that he did not pay overtime because Plaintiff worked on a farm, although he paid overtime to other employees at another farm he owned for planting and picking corn.

41. Defendant Hanenburg utilized his business, Defendant GRG to subvert his obligations under federal law.

42. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

43. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

44. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

46. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

47. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

48. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

49. Defendants' violations of the FLSA were knowing and willful.

50. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

51. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages, an additional equal amount as liquidated damages, costs, and reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L.A. § 408.411, et seq., FAILURE TO PAY OVERTIME

52. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

53. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, *et seq*.

54. Defendants were an "employer" as defined under the MWOWA at all relevant times.

55. Plaintiff was an "employee" as defined under the MWOWA at all relevant times.

56. Defendants regularly suffered or permitted Plaintiff to work in excess of forty (40) hours per workweek.

57. Defendants did not pay Plaintiff one-and-a-half times his regular hourly rate for the hours worked in excess of forty (40) hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

58. The MWOWA provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees.

59. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA;

C. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available to him under the FLSA;

D. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available to him under the MWOWA;

E. An Order awarding reasonable attorney fees and costs incurred by Plaintiff under the FLSA as provided by statute;

F. An Order awarding reasonable attorney fees and costs incurred by Plaintiff under the MWOWA as provided by statute; and

G. An Order awarding such other and further relief as this Court deems appropriate.

Dated: October 25, 2019                     Respectfully Submitted,

                                            /s/ *Robert Anthony Alvarez*            .

        Robert Anthony Alvarez (P66954)
        Attorney for Plaintiff
        Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff Francisco Vega Genchi, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure.

        Respectfully Submitted,

        */s/   Robert Anthony Alvarez            .*
        Robert Anthony Alvarez (P66954)
        Attorney for Plaintiff
        Avanti Law Group. PLLC
        600 28th Street SW
        Wyoming, MI 49509
        (616) 257-6807
        ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 10/18/19

_____
Francisco Vega Genchi